FRY v. MONTAGUE.

1. ATTORNEY AND CLIENT—ELEMENTS TO BE CONSIDERED IN FIXING COMPENSATION FOR SERVICES.

In fixing the compensation an attorney should receive for his services, the court should consider the time spent, the amount involved, the character of the service rendered, the skill and experience called for in the performance of the work, and the results achieved.

2. SAME—REASONABLE ALLOWANCE NOT DISTURBED ON APPEAL.

The conclusion of the court below that an allowance of $2,000 to an attorney for his services in securing a favorable adjustment of an indebtedness of about $25,000 owing to his client was reasonable, is not disturbed, on appeal,

---

[1]Attorney and Client, 6 C. J. § 331; [2]Id., 6 C. J. § 361.

where the attorney had kept no memorandum of the time spent, and the testimony as to the value of said services was from $1,000 to $4,000.

Appeal from Allegan; Warner (Glenn E.), J., presiding. Submitted January 17, 1928; resubmitted March 27, 1928 (Docket No. 28.) Decided April 3, 1928.

Bill by Wesley G. Fry, trustee for the Allegan Silver Fox Company, against Ira C. Montague for an accounting. From the decree rendered, both parties appeal. Affirmed.

*E. W. Stone,* for plaintiff.

*Dunham & Cholette,* for defendant.

SHARPE, J. The Allegan Silver Fox Company, in November, 1925, sold and delivered to the Detroit Silver Fox Farms 58 pair of silver black fox at the price of $27,706.80, of which $100 was paid, verbally retaining title, together with their increase, until paid for. On January 22, 1926, a chattel mortgage was given on the property sold to secure the amount then unpaid, $24,746.80. In the meantime, the Detroit company had sold and issued certificates of title to purchasers of all but three of the foxes, subject to any indebtedness due to it, but without regard to that yet owing to the Allegan company. Possession, however, had not been delivered. In April, 1926, the assets of the Allegan company were turned over to plaintiff as trustee for certain persons who had advanced money to keep it out of bankruptcy. Defendant, a practicing attorney in that county, who had theretofore rendered service for the company for which he had been paid, was employed by the plaintiff to go to Detroit and investigate the financial condition of the Detroit company. He did so, and reported that, while

not adjudged a bankrupt, it was so in fact. He was instructed to return to Detroit and effect a compromise or settlement, if possible. He returned to Detroit, and found that a receiver had been appointed for the Detroit company. Through his efforts he secured an order of the court for the return of the foxes to the Allegan company, under which 248 were returned. This included a part of the increase. The defendant, acting for the plaintiff, then sought to work out an arrangement under which those who had made purchases from the Detroit company might secure title thereto. The chattel mortgage was later foreclosed. Some of the foxes were actually sold and paid for and the remainder bid in for the plaintiff. The proceeds of the sale passed into the defendant's hands. A part thereof was turned over to plaintiff by him. He soon after made a full report to the plaintiff, and suggested by way of compromise the allowance of $3,626.42 in payment for the services rendered. Being unable to reach a settlement, plaintiff filed the bill of complaint herein for an accounting. Defendant answered, claiming that the fair value of his services was $4,000. Plaintiff had decree fixing such value at $2,000, from which both parties appeal.

It is very difficult for this court to fix the compensation an attorney should receive in such a case as this. The defendant kept no memorandum of the time actually spent by him in the service of the plaintiff. We should, of course, consider the time spent, the amount involved, the character of the service rendered, the skill and experience called for in the performance of the work, and the results achieved. That the defendant is an attorney of standing in the community in which he lives cannot be doubted. This is evidenced by the fact that he was employed by the plaintiff and his associates. The results obtained indicate the exercise of skill and judgment on his

part. Plaintiff had proof that on a fair *per diem* charge, such as was customary among attorneys in Allegan county, defendant's compensation should be less than $1,000, while defendant's witnesses, in answer to hypothetical questions in which the services rendered were outlined, expressed their opinion that an allowance of $4,000 should be made. We have read the record with care. Judge Warner, who heard the case, was until a few years ago a practicing attorney in an adjoining county. In view of the conflict in the testimony, we are loath to disturb the conclusion reached by him, that $2,000 was a fair allowance.

The decree so providing is affirmed. As both parties have appealed, no costs in this court will be allowed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK. McDONALD, and POTTER, JJ., concurred.