RUSHA v DEPARTMENT OF CORRECTIONS, No. 150522; reported below: 307 Mich App 300.

HAYNES v VILLAGE OF BEULAH, No. 150547; reported below: 308 Mich App 465.

BUTTON v PROGRESSIVE MICHIGAN INSURANCE COMPANY, Nos. 150625 and 150626; Court of Appeals Nos. 314836 and 319312.

HOPE NETWORK—REHABILITATION SERVICES v CITY OF KENTWOOD, No. 150810; Court of Appeals No. 317367.

*In re* COH, No. 151199; Court of Appeals No. 312691.

*Summary Disposition July 2, 2015:*

WINDRUSH, INC v VANPOPERING, No. 150118; Court of Appeals No. 315958. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals and we remand this case to that court for reconsideration in light of *BC Tile & Marble Co, Inc v Multi Building Co, Inc*, 288 Mich App 576 (2010). We do not retain jurisdiction.

BANK OF NEW YORK MELLON v JAAFAR, No. 150957; Court of Appeals No. 316521. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals.

An offer "is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." See *Eerdmans v Maki*, 226 Mich App 360, 364 (1997). Here, and contrary to the judgment of the Court of Appeals, the January 20, 2012 e-mail from plaintiff's counsel to defendants' counsel did not constitute an offer to settle this case. Instead, this e-mail inquired whether defendants would present an offer at some point in the future, which they did, through a subsequent e-mail by their counsel. Defendants' counsel confirmed that this subsequent e-mail was an offer by later inquiring whether plaintiff had accepted *their* offer. For these reasons, and for the reasons stated by the Court of Appeals' dissenting opinion, no enforceable settlement agreement existed to bind the parties in this case. We remand this case to the Wayne Circuit Court for further proceedings not inconsistent with this order. We do not retain jurisdiction.

*Order Granting Oral Argument in Case Pending on Application for Leave to Appeal Entered July 2, 2015:*

PIRGU v UNITED SERVICES AUTOMOBILE ASSOCIATION, No. 150834; Court of Appeals No. 314523. The parties shall file supplemental briefs within 42 days of the date of this order addressing whether: (1) the determination of reasonable attorney fees under MCL 500.3148(1) is governed by *Smith v Khouri*, 481 Mich 519 (2008), and/or *Wood v DAIIE*, 413 Mich 573 (1982), and (2) the Oakland Circuit Court abused its discretion in

calculating the attorney fees due the plaintiff. The parties should not submit mere restatements of their application papers.

*Leave to Appeal Denied July 2, 2015:*