# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

## PIRGU v UNITED SERVICES AUTOMOBILE ASSOCIATION

Docket No. 150834. Argued on application for leave to appeal January 14, 2016. Decided June 6, 2016.

Feridon Pirgu sustained closed head injuries after he was struck by a vehicle driven by an individual insured by defendant, United Services Automobile Association. Plaintiff, Feridon's wife Lindita, was appointed as Feridon's guardian and conservator. Plaintiff filed a complaint against defendant in the Oakland Circuit Court after defendant discontinued payment of personal protection insurance (PIP) benefits previously provided for Feridon's care. Plaintiff sought a judgment of $200,000 to $400,000 and the reinstatement of benefits. The jury awarded plaintiff $70,237.44. Plaintiff requested attorney fees totaling $220,945. Plaintiff's counsel claimed that he spent more than 600 hours prosecuting the case, and that his normal billing rate was $350 an hour. The trial court, John J. McDonald, J., concluded that plaintiff was due attorney fees because defendant's failure to pay the PIP benefits was unreasonable. The trial court noted that the jury awarded plaintiff approximately 33 percent of the amount plaintiff sought, and thus the court awarded plaintiff $23,412.48 in attorney fees, approximately 33 percent of the jury verdict. Plaintiff appealed in the Court of Appeals. The Court of Appeals, BECKERING, P.J., and HOEKSTRA, J., (GLEICHER, J., dissenting), affirmed the trial court in an unpublished opinion per curiam issued December 16, 2014 (Docket No. 314523). The Supreme Court scheduled oral argument on plaintiff's application for leave to appeal, and in lieu of granting leave, reversed the trial court's judgment, vacated the trial court's award of attorney fees, and remanded the matter to the trial court for reconsideration.

In a unanimous opinion by Justice VIVIANO, the Supreme Court *held*:

A trial court must begin its calculation of a reasonable attorney fee under MCL 500.3148(1) by multiplying the reasonable hourly rate customarily charged in the locality for similar legal services by the reasonable number of hours expended on the case. Thereafter, a trial court must consider the following eight factors to determine whether an up or down adjustment to that baseline number is appropriate: (1) the experience, reputation, and ability of the lawyer or lawyers performing the services, (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly, (3) the amount in question and the results obtained, (4) the expenses incurred, (5) the nature and length of the professional relationship with the client, (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and (8) whether the fee is fixed or contingent. These factors are not exclusive, and the trial court may consider additional relevant factors. To facilitate appellate review, a trial court should briefly discuss its view of each of the factors on the record and justify the relevance and use of any additional factors.

The trial court abused its discretion by failing to apply this framework, and the Court of Appeals' majority erred to the extent that it affirmed the trial court's attorney fee award.

Reversed, trial court fee award vacated, and case remanded to the trial court for reconsideration.

©2016 State of Michigan

# OPINION

Chief Justice:          Justices:

Robert P. Young, Jr.    Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

FILED June 6, 2016

STATE OF MICHIGAN

SUPREME COURT

LINDITA PIRGU, Guardian and
Conservator of FERIDON PIRGU, a Legally
Incapacitated Person,

      Plaintiff-Appellant,

v                        No. 150834

UNITED SERVICES AUTOMOBILE
ASSOCIATION d/b/a USAA INSURANCE
AGENCY, INC.,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH

VIVIANO, J.

The issue in this case is whether the framework for calculating a reasonable attorney fee set forth in *Smith v Khouri*[1] applies to attorney fee determinations under

---

[1] *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008).

MCL 500.3148(1) of the no-fault insurance act.[2]  The Court of Appeals' majority affirmed the trial court's calculation of the attorney fee award, concluding that the *Smith* framework does not apply to attorney fee determinations under § 3148(1).  We disagree with this conclusion and instead hold that the *Smith* framework—as described in Justice CORRIGAN's concurring opinion, and as modified herein—applies to attorney fee determinations under § 3148(1).[3]  Therefore, in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, vacate the fee award, and remand to the trial court for reconsideration of its attorney fee award in light of this opinion.

## I.  FACTS AND PROCEDURAL HISTORY

In 2008, Feridon Pirgu sustained closed head injuries after he was struck by a car driven by an insured of defendant, United Services Automobile Association.  Plaintiff, Feridon's wife Lindita, was appointed as his guardian and conservator.  Shortly thereafter, plaintiff sought various personal protection insurance (PIP) benefits for Feridon.  Because Feridon was uninsured, the claim was initially assigned to the Michigan Assigned Claims Facility, which then assigned the claim to Citizens Insurance Company.  Following a priority dispute between Citizens and defendant, defendant was determined to have first priority for payment of PIP benefits.  Defendant began adjusting the claim in 2010, and immediately discontinued payment of the benefits.

---

[2] MCL 500.3101 *et seq.*

[3] *Smith*, 481 Mich at 538-543 (opinion by CORRIGAN, J.).

Plaintiff filed suit against defendant for reinstatement of the discontinued benefits and for attorney fees, seeking a judgment in the amount of $200,000 to $400,000.[4] Following trial, the jury awarded plaintiff $70,237.44.[5] Thereafter, plaintiff's counsel sought $220,945 in attorney fees, claiming that he had expended more than 600 hours prosecuting the case and that his normal billing rate was $350 per hour. Because the trial court concluded that defendant's failure to pay the PIP benefits was unreasonable, it found that attorney fees were warranted under § 3148(1).[6] The trial court noted that the jury awarded plaintiff approximately 33 percent of the judgment amount sought, and therefore, the trial court awarded $23,412.48 in attorney fees, approximately 33 percent of the jury verdict.

The Court of Appeals affirmed in a split, unpublished opinion.[7] The majority concluded that it was bound to follow *University Rehab Alliance, Inc v Farm Bureau Gen Ins Co of Mich*,[8] which held that the *Smith* framework does not apply to reasonable

---

[4] The variance in the amounts is accounted for by the two different hourly rates for attendant care that plaintiff's counsel offered to the jury in his closing argument.

[5] The jury awarded $54,720 for attendant-care benefits, $7,992 in wage-loss benefits, and $7,525.44 in penalty interest.

[6] Defendant has not challenged this ruling.

[7] *Pirgu v United States Auto Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued December 16, 2014 (Docket No. 314523). We note that the Court of Appeals incorrectly identified defendant as the United *States* Automobile Association.

[8] *University Rehab Alliance, Inc v Farm Bureau Gen Ins Co of Mich*, 279 Mich App 691, 700 n 3; 760 NW2d 574 (2008).

attorney fee awards under § 3148(1).[9]  Applying *University Rehab*'s totality of the circumstances analysis, the Court of Appeals' majority concluded that the trial court's award was reasonable.  The majority gave the following justifications: (1) the results achieved were considerably less than the amount sought, (2) the fee award was commensurate with what plaintiff's counsel would have received under a contingency fee arrangement, and (3) the trial court expressly found that not all of the hours plaintiff's counsel expended were necessary.[10]

Dissenting in part, Judge GLEICHER would have held that the trial court abused its discretion by neglecting to consider the number of hours plaintiff's counsel invested in the case and his appropriate hourly rate.[11]  The dissent also opined that no-fault cases require a court either to fully apply the factors detailed by this Court in *Wood v Detroit Auto Inter-Ins Exch*[12] or to fully apply the *Smith* framework.[13]  The dissent also criticized the trial court for only considering the amount in question and the results achieved.[14]

This Court scheduled oral argument on the application, directing the parties to address whether reasonable attorney fee determinations under § 3148(1) are governed by

---

[9] *Pirgu*, unpub op at 3-4.

[10] *Id*. at 5.

[11] *Id*. at 4 (GLEICHER, J., concurring in part and dissenting in part).

[12] *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982).

[13] *Pirgu*, unpub op at 7 (GLEICHER, J., concurring in part and dissenting in part).

[14] *Id*. at 6-7.

4

*Wood* and/or *Smith*, and whether the trial court abused its discretion in calculating the attorney fees due to plaintiff.[15]

## II. STANDARD OF REVIEW

We review a trial court's award of attorney fees and costs for an abuse of discretion.[16] An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes.[17] A trial court necessarily abuses its discretion when it makes an error of law.[18] Questions of law are reviewed de novo.[19]

## III. ANALYSIS

At issue in this case is the proper method for calculating a reasonable attorney fee under MCL 500.3148(1), which provides that:

> An attorney is entitled to a reasonable fee . . . in an action for personal or property insurance benefits which are overdue . . . if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

---

[15] *Pirgu v United Servs Auto Ass'n*, 498 Mich 860 (2015).

[16] *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008).

[17] *Id*.

[18] *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

[19] *Universal Underwriters Ins Co v Kneeland*, 464 Mich 491, 496; 628 NW2d 491 (2001).

5

The statute is an exception to the "American rule," which provides that "attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award."[20]

At the outset, it is helpful to understand the current state of the law regarding the determination of a reasonable attorney fee. In *Wood*, which also involved an attorney fee award under § 3148(1), we enumerated the following factors for determining the reasonableness of an attorney fee:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.[21]

We held that a trial court should consider the factors outlined in *Wood*, but that it is not limited to them in making its determination.[22]

In *Smith*, we reviewed a reasonable attorney fee award as part of case-evaluation sanctions under MCR 2.403(O), and revisited *Wood*'s multifactor approach.[23] We held that a trial court must begin its reasonableness analysis "by determining the fee customarily charged in the locality for similar legal services," and then multiplying that number "by the reasonable number of hours expended in the case."[24] After a trial court

---

[20] *Haliw v City of Sterling Heights*, 471 Mich 700, 707; 691 NW2d 753 (2005).

[21] *Wood*, 413 Mich at 588 (quotation marks and citations omitted).

[22] *Id*.

[23] *Smith*, 481 Mich at 527-529 (opinion by TAYLOR, C.J.).

[24] *Id*. at 530-531.

6

has calculated this baseline figure, it must consider and briefly discuss on the record the remaining *Wood* factors and the factors in MRPC 1.5(a)[25] to determine whether any up or down adjustments from the base number are appropriate.[26]

There was a split in *Smith*, however, regarding whether two factors, "the amount in question and the results achieved" (factor 3 under *Wood* and factor 4 under MRPC 1.5(a)), and "whether the fee is fixed or contingent" (factor 8 under MRPC 1.5(a)), should be considered when determining a reasonable attorney fee for case-evaluation sanctions. The lead opinion concluded that the two factors are not relevant.[27] Justice CORRIGAN, joined by Justice MARKMAN, concurred with the reasoning and result of the

---

[25] The MRPC 1.5(a) factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

[26] *Smith*, 481 Mich at 531, 533 (opinion by TAYLOR, C.J.).

[27] *Id*. at 534 n 20.

7

lead opinion, but argued that there was no principled basis or textual support for excluding the two factors from consideration.[28]

Subsequently, in *University Rehab*, the Court of Appeals relied on our decision in *Wood*, and on the MRPC 1.5(a) factors, to uphold a reasonable attorney fee award made under § 3148(1).[29] Pertinent to this case, the Court of Appeals held that our decision in *Smith* did not affect its analysis, stating:

> First, *Smith* addressed MCR 2.403(O)(6)(b), which explicitly requires that the reasonable-attorney-fee portion of actual costs be based on a reasonable hourly or daily rate as determined by the trial court. Second, while two justices would have held that whether an attorney has a contingent-fee agreement with a client is not an appropriate factor when considering a reasonable attorney fee as a case-evaluation sanction, that part of the opinion is not binding precedent because a majority of justices did not agree.[30]

Although the *University Rehab* panel applied a combination of the *Wood* and MRPC 1.5(a) factors in a manner that is similar to the *Smith* concurrence's approach, it did not require the trial court to begin its analysis by making the baseline calculation pursuant to *Smith*, and instead adopted a totality of the circumstances approach.[31]

As noted, the Court of Appeals' majority in this case followed *University Rehab* to conclude that the *Smith* framework does not apply to reasonable attorney fee

---

[28] *Id*. at 538 (opinion by CORRIGAN, J.).

[29] *University Rehab*, 279 Mich App at 698-704.

[30] *Id*. at 700 n 3 (citations omitted).

[31] *Id*. at 700.

determinations under § 3148(1).  We disagree with this conclusion.  Instead, we conclude

that the *Smith* framework applies in this context.

In *Smith*, we refined the analysis that applies when a fee-shifting statute or rule

requires a trial court to determine a reasonable attorney fee.[32]  We have held that the

*Smith* framework applies beyond the case-evaluation sanctions context in appropriate

circumstances.[33]  Of course, whether it applies in a given case must depend on the plain

language of the statute or rule at issue.[34]  As we often note, any statutory construction

must begin with the plain language.[35]  "We must give effect to the Legislature's intent,

---

[32] See *Smith*, 481 Mich at 535 (opinion by TAYLOR, C.J.) ("We merely aim to provide a workable, objective methodology for assessing reasonable attorney fees that Michigan courts can apply consistently to our various fee-shifting rules and statutes.").

[33] In *Coblentz v City of Novi*, 485 Mich 961 (2009), we considered an award of reasonable attorney fees under the Freedom of Information Act.  At the time, MCL 15.240(6) provided that "[i]f a person . . . prevails in an action commenced under this section, the court shall award reasonable attorneys' fees . . . ."  In determining the reasonable attorney fees due to the plaintiffs, the trial court considered whether the city's conduct was corrupt enough to justify fees and whether the fees would bankrupt the city or burden the public welfare.  *Coblentz*, 485 Mich 961.  We held that "[n]othing in MCL 15.240(6), or decisions of this Court, authorizes consideration of such factors in determining a reasonable attorney fee award."  *Coblentz*, 485 Mich 961.  Accordingly, we reversed and remanded for a re-determination of the plaintiffs' reasonable attorney fees using the *Smith* factors.

[34] The answer to Justice CAVANAGH'S question of whether the rule applies to other fee-shifting provisions, *Smith*, 481 Mich at 554-555 (CAVANAGH, J., dissenting), must be determined by examining the plain language of the rule or statute at issue in a given case.

[35] *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011).

9

and the best indicator of the Legislature's intent is the words used."[36]   These same

principles govern the interpretation of court rules.[37]

Smith considered a fee award under MCR 2.403(O)(6)(b), which provides for "a

reasonable attorney fee based on a reasonable hourly or daily rate as determined by the

trial judge for services necessitated by the rejection of the case evaluation . . . ."  Section

3148(1) contains slightly different language, providing that "[a]n attorney is entitled to a

reasonable fee for advising and representing a claimant in an action for [overdue PIP

benefits]."

Although § 3148(1) is phrased differently than MCR 2.403(O)(6)(b), those

differences are not material to determining whether the Smith framework applies.  The

plain language of the statute and the court rule both speak in terms of a reasonable fee.[38]

The operative language triggering the Smith analysis is the Legislature's instruction that

an attorney is entitled to *a reasonable fee*.   The *University Rehab* panel erred by

disregarding this language in § 3148(1) when it concluded that *Smith* was distinguishable

because it only applies to case-evaluation sanctions.[39]   Because the plain language of

---

[36] *Johnson v Pastoriza*, 491 Mich 417, 436; 818 NW2d 279 (2012).

[37] *Duncan*, 494 Mich at 723.

[38] We agree with Justice CORRIGAN's statement in *Smith* that the plain language of MCR 2.403(O)(6)(b) "merely requires that the court award a 'reasonable attorney fee'; it does not suggest that 'reasonable attorney fee' means something different for case evaluation sanctions than for any other situation."  *Smith*, 481 Mich at 539 (opinion by CORRIGAN, J.).

[39] *University Rehab*, 279 Mich App at 700 n 3.   The *University Rehab* panel also disregarded *Smith*'s repeated use of language of general applicability, which clearly

10

§ 3148(1) speaks in terms of awarding a "reasonable fee," we conclude that the *Smith* framework governing reasonable fee determinations is equally applicable in this context.

Despite reaching the wrong conclusion, *University Rehab* properly recognized the non-binding nature of the lead opinion's conclusion in *Smith* that two of the factors—"the amount in question and the results achieved" and "whether the fee is fixed or contingent"—are not relevant in the case-evaluation context.[40] While we do not decide today whether those factors should be considered in that context, we hold that they must be considered by a trial court when awarding attorney fees under § 3148(1).[41] We have long recognized that the results obtained are relevant to determining the reasonable value of legal services.[42] The results obtained are indicative of the exercise of skill and

---

contemplated that the methodology announced therein could be applicable to reasonable attorney fee determinations outside the case-evaluation context. See e.g., *Smith*, 481 Mich at 522 (opinion by TAYLOR, C.J.) ("We take this opportunity to clarify that the trial court should begin the process of calculating *a reasonable attorney fee . . . .*") (emphasis added); *id*. at 530 ("We conclude that our current multifactor approach needs some fine-tuning."); *id*. at 533 ("Having clarified how a trial court should go forward in calculating *a reasonable attorney fee . . . .*") (emphasis added).

[40] *University Rehab*, 279 Mich App at 700 n 3, citing *People v Sexton*, 458 Mich 43, 65; 580 NW2d 404 (1998) ("[A] majority of the Court must agree on a ground for decision in order to make that binding precedent for future cases.") (quotation marks and citation omitted).

[41] This is in accord with the lead opinion in *Smith*, since it recognized that both factors "may be relevant in other situations." *Smith*, 481 Mich at 534 n 20 (opinion by TAYLOR, C.J.). See also *Beach v Kelly Auto Group, Inc*, 482 Mich 1101, 1102 (2008) (YOUNG, J., concurring). And, in any event, the parties have offered no justification for excluding these factors when awarding attorney fees under § 3148(1).

[42] See *Becht v Miller*, 279 Mich 629, 640; 273 NW 294 (1937) ("In ascertaining the reasonable value of legal services, the court should consider . . . the results obtained.").

11

judgment on the part of the attorney.[43]  Similarly, the nature of the fee arrangement is also a relevant factor because a contingency fee percentage may "express an attorney's expectations of the case and the risks involved."[44]  Accordingly, a trial court must consider both of these factors when making adjustments to the baseline fee award.

Thus, while we agree with portions of *University Rehab*, we disagree with that Court's conclusion that *Smith* is inapplicable to reasonable attorney fee determinations under § 3148(1).  In particular, the *University Rehab* panel erred by failing to begin its analysis by calculating the baseline figure pursuant to *Smith*.  Therefore, we take this opportunity to overrule *University Rehab* to the extent that it is inconsistent with our opinion today.  Having done so, we conclude that the Court of Appeals erred by holding that the *Smith* framework does not apply to reasonable attorney fee determinations under § 3148(1).

In sum, we hold that when determining the reasonableness of attorney fees awarded under § 3148(1), a trial court must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services.[45]  The trial court must then multiply that rate by the reasonable number of hours expended in the

---

[43] *Fry v Montague*, 242 Mich 391, 393-394; 218 NW 691 (1928).

[44] *Smith*, 481 Mich at 540 (opinion by CORRIGAN, J.).

[45] *Id*. at 530-531 (opinion by TAYLOR, C.J.).  We emphasize that the burden of proving reasonableness rests with the party requesting the fees.  *Id*. at 528-529.  With respect to the reasonable hourly rate, "the fee applicant must present something more than anecdotal statements to establish the customary fee for the locality."  *Id*. at 532.  "The fees customarily charged . . . can be established by testimony or empirical data found in surveys and other reliable reports."  *Id*. at 531-532.

case to arrive at a baseline figure.[46]  Thereafter, the trial court must consider *all* of the remaining *Wood* and MRPC 1.5(a) factors to determine whether an up or down adjustment is appropriate.[47]

Unfortunately, *Smith* requires trial courts to consult two different lists of factors containing significant overlap, which unnecessarily complicates the analysis and increases the risk that courts may engage in incomplete or duplicative consideration of the enumerated factors.  Therefore, we distill the remaining *Wood* and MRPC 1.5(a) factors into one list to assist trial courts in this endeavor:

(1) the experience, reputation, and ability of the lawyer or lawyers performing the services,

(2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

(3) the amount in question and the results obtained,

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent.

These factors are not exclusive, and the trial court may consider any additional relevant

---

[46] *Id*. at 531.

[47] *Id*.

factors.[48]  In order to facilitate appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors.[49]

## IV.  APPLICATION

Having clarified the proper framework that applies to reasonable fee awards under § 3148(1), we turn to the award in the instant case.  The trial court erred by not starting its analysis by multiplying a reasonable hourly rate by the reasonable number of hours expended.  Further, although it acknowledged some of the *Wood* and MRPC 1.5(a) factors, the trial court also erred by primarily relying on only one factor—the amount sought and results achieved—and failing to briefly discuss its view of the other factors.  Therefore, the trial court necessarily abused its discretion, and as a result, the Court of Appeals erred by affirming the trial court's attorney fee award.  Accordingly, we reverse the Court of Appeals, vacate the fee award, and remand to the trial court for reconsideration in light of this opinion.[50]

---

[48] *Id*. at 530.

[49] *Id*. at 529 n 14, 531, 531 n 15.

[50] Defendant argues that plaintiff entirely failed to meet her burden of proof to support her claim for attorney fees.  See *Smith*, 481 Mich at 528-529 (opinion by TAYLOR, C.J.).  Because the trial court failed to properly apply *Smith*, it is unclear whether plaintiff met her burden.  Accordingly, the trial court should consider this issue on remand when it applies the *Smith* framework.

## V. CONCLUSION

We hold that when calculating a reasonable attorney fee award under § 3148(1), a trial court must follow the *Smith* framework, as outlined by Justice CORRIGAN's concurring opinion and as modified by this opinion. The trial court abused its discretion by failing to do so, and the Court of Appeals' majority erred to the extent that it affirmed the trial court's attorney fee award. Therefore, the judgment of the Court of Appeals is reversed, the fee award is vacated, and the case is remanded to the trial court for reconsideration in light of this opinion.

David F. Viviano
Robert P. Young, Jr.
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
Richard H. Bernstein
Joan L. Larsen