*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

*In re* EDMUND WILLIAM ROSS II IRREVOCABLE TRUST.

---

EDMUND WILLIAM ROSS II IRREVOCABLE TRUST, by ANNETTE M. LEROUX, Trustee,

Appellee,

v

CORRINE BREER,

Appellant,

and

WILLIAM J. ROSS III,

Appellee.

UNPUBLISHED
September 8, 2022

No. 349679
Oakland Probate Court
LC No. 2006-307607-TV

---

*In re* WILLIAM JAMES ROSS IV IRREVOCABLE TRUST.

---

WILLIAM JAMES ROSS IV IRREVOCABLE TRUST, by ANNETTE M. LEROUX, Trustee,

Appellee,

v

CORRINE BREER,

Appellant,

and

No. 349680
Oakland Probate Court
LC No. 2006-307608-TV

-1-

WILLIAM J. ROSS III,

        Appellee.

---

*In re* EDMUND WILLIAM ROSS II
IRREVOCABLE TRUST.

---

EDMUND WILLIAM ROSS II IRREVOCABLE
TRUST, by ANNETTE M. LEROUX, Trustee, and
RICHARD CONNORS,

        Appellees/Cross-Appellants,

v

CORRINE BREER,

        Appellant/Cross-Appellee,

and

WILLIAM J. ROSS III,

        Appellee.

Nos. 349917; 351355; 351823
Oakland Probate Court
LC No. 2006-307607-TV

---

*In re* WILLIAM JAMES ROSS IV IRREVOCABLE
TRUST.

---

WILLIAM JAMES ROSS IV IRREVOCABLE
TRUST, by ANNETTE M. LEROUX, Trustee, and
RICHARD CONNORS,

        Appellees/Cross-Appellants,

v

CORRINE BREER,

        Appellant/Cross-Appellee,

and

Nos. 349926; 351356; 351839
Oakland Probate Court
LC No. 2006-307608-TV

WILLIAM J. ROSS III,

       Appellee.

---

*In re* EDMUND WILLIAM ROSS II IRREVOCABLE TRUST.

---

EDMUND WILLIAM ROSS II IRREVOCABLE TRUST, by ANNETTE M. LEROUX, Trustee,

       Appellant,

v

CORRINE BREER, WILLIAM J. ROSS III, and RICHARD CONNORS,

       Appellees.

No.  351981
Oakland Probate Court
LC No.  2006-307607-TV

---

*In re* WILLIAM JAMES ROSS IV IRREVOCABLE TRUST.

---

WILLIAM JAMES ROSS IV IRREVOCABLE TRUST, by ANNETTE M. LEROUX, Trustee,

       Appellant,

v

CORRINE BREER, WILLIAM J. ROSS III, and RICHARD CONNORS,

       Appellees.

No.  351982
Oakland Probate Court
LC No.  2006-307608-TV

---

*In re* EDMUND WILLIAM ROSS II IRREVOCABLE TRUST.

---

EDMUND WILLIAM ROSS II IRREVOCABLE TRUST, by ANNETTE M. LEROUX, Trustee,

-3-

                Appellee,

v                                                              No.  354298
                                                               Oakland Probate Court
CORRINE BREER,                                                 LC No.  2006-307607-TV

                Appellant,

and

WILLIAM J. ROSS III and RICHARD CONNORS,

                Other Parties.

_____

*In re* WILLIAM JAMES ROSS IV IRREVOCABLE
TRUST.

_____

WILLIAM JAMES ROSS IV IRREVOCABLE
TRUST, by ANNETTE M. LEROUX, Trustee,

                Appellee,

v                                                              No.  354303
                                                               Oakland Probate Court
CORRINE BREER                                                  LC No.  2006-307608-TV

                Appellant,

and

WILLIAM J. ROSS III and RICHARD CONNORS,

                Other Parties.

_____

                            AFTER REMAND

Before:  GADOLA, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

        This case returns to us after proceedings on remand.  As provided in our previous opinion,
*In re Edmund William Ross II Irrevocable Trust*, unpublished per curiam opinion of the Court of

Appeals, issued September 16, 2021 (Docket Nos. 349679; 349680; 349917; 349926; 351355; 351356; 351823; 351839; 351981; 351982; 354298; 354303); slip op at 18-20, we remanded this matter for the limited issue "for the trial court to provide the specific findings required under the test provided in *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008), and *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016), to determine reasonable attorney fees." *In re Edmund William Ross II Irrevocable Trust*, unpublished order of the Court of Appeals, entered September 16, 2021 (Docket Nos. 349679; 349680; 349917; 349926; 351355; 351356; 351823; 351839; 351981; 351982; 354298; 354303). Finding no abuse of discretion in the trial court's May 18, 2022 award of $91,107.70 in reasonable attorney fees and costs to Breer, we affirm.

On appeal, Breer raised issue with the probate court basing the hourly rates for her attorneys for the rates prevailing in Oakland County, and the trustee argued that the probate court abused its discretion by awarding attorney fees for a short motion that was ultimately withdrawn. A trial court's award of attorney fees and costs is reviewed for an abuse of discretion. *Pirgu*, 499 Mich at 274. "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

The proper analysis under the *Smith/Pirgu* test begins with the trial court determining the fee "customarily charged in the locality for similar legal services." *Smith*, 481 Mich at 530. The trial court may rely on survey data published by the State Bar of Michigan to do so. *Id*. at 531. Then the trial court must multiply that rate by the reasonable number of hours worked to provide a baseline figure. *Pirgu*, 499 Mich at 281. Then the court must consider all of the nonexclusive factors provided in *Pirgu*, along with any other relevant factors, to determine whether any upward or downward adjustments are appropriate. *Id*. at 281-282.

We remanded this matter for the trial court to follow this procedure. The trial court held a hearing on May 3, 2022, and provided its detailed findings of fact addressing each factor on the record. Relying on the Economics of Law Practice survey from 2017 for Oakland County, the trial court determined the amount customarily charged in the locality for similar legal services for each of the attorneys at issue, and adjusted it according to certain factors present in this case to determine a "market rate." This included the complex nature of the multistate civil litigation at issue, and the experience and qualifications of each attorney. The trial court adjusted the 2017 rates to reflect 2019 rates. The trial court relied on the probate court's previous finding of a reasonable number of hours, and adjusted them according to the trustee and her attorney's valid objections. The court addressed all of the *Smith/Pirgu* factors, and made an upward adjustment for the Chicago attorneys. The court concluded that Breer's lawyer should not have to "absorb the costs" of the trustee and her attorney's frivolous motion. Based on its calculations, the trial court entered an order awarding Breer $91,107.70 in reasonable attorney fees and costs.

We note that the trustee and her attorney attempted to relitigate the issue of "fees for fees" on remand; however, this issue was outside the scope of our remand order. As it relates to the issue on remand, the trial court provided the dates for which attorney fees and costs were awarded, as it was previously found by the probate court, and noted that there was no evidence that the trustee or her attorney ever withdrew the frivolous motion. Nonetheless, as stated in our previous opinion, the "fees for fees" Breer sought were on top of the previous amount awarded to her, and separate from the reasonable costs and fees that were the limited issue on remand.

Finding no abuse of discretion by the trial court in making this determination, we affirm the May 18, 2022 order awarding Breer costs and fees.

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien