*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAMANTHA LOUISE COOLIDGE,

    Plaintiff-Appellant,

v

JARED ROBERT HENKE,

    Defendant-Appellee.

UNPUBLISHED
May 28, 2026
10:29 AM

No. 376301
Calhoun Circuit Court
LC No. 2014-001428-DS

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

Plaintiff, appearing *in propria persona*, appeals as of right the order awarding $4,742 in attorney fees to counsel for defendant.[1] On appeal, plaintiff challenges the grounds for the award and the ability to pay. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

In 2014, this litigation commenced when plaintiff sought child support from defendant for MGH born in 2011. In 2018, plaintiff obtained a change in MGH's domicile to Indiana. Defendant was to receive parenting time with scheduling and exchanges as the parties reasonably agreed. But in 2023, when a review of the child support obligation occurred, defendant sought an established parenting time schedule and to have overnights with MGH in his home in Michigan. The referee recommended a parenting time schedule to be followed in the absence of the parties' agreement. However, plaintiff repeatedly failed to present MGH for the exchanges, and five motions or show causes were filed to hold plaintiff in contempt. Calhoun County Judge Brian Kirkham issued a bench warrant for plaintiff's arrest after she failed to appear, failed to produce MGH, and failed to pay court-ordered fees. In response, plaintiff repeatedly sought to modify the parenting time schedule, claiming that the schedule and visits were adverse to MGH's mental health.

---

[1] The trial court also denied plaintiff's motion for reconsideration of the decision.

In January 2025, the case was reassigned to Calhoun Circuit Court Judge Tina Yost Johnson, who ordered defense counsel to file a bill of costs addressing attorney fees accrued since September 2024. Judge Yost Johnson indicated that a hearing would be held on parenting time as well as the reasonableness of attorney fees. The case was returned to Judge Kirkham. Judge Kirkham reviewed defense counsel's bill of costs, received plaintiff's objections, held a hearing on the requested attorney fees, and awarded defense counsel $4,742. The court rejected plaintiff's motion for reconsideration of the decision. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff contends that Judge Kirkham erred or abused its discretion in accepting Judge Yost Johnson's decision to award attorney fees, in determining that MCR 3.206(D)(2) and the proofs were satisfactory, in correlating the attorney fees to unrelated litigation activity, and in failing to consider plaintiff's ability to pay. We disagree.

An award of attorney fees in a domestic action is reviewed for an abuse of discretion. See *Colen v Colen*, 331 Mich App 295, 300; 952 NW2d 558 (2020). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). Factual findings underlying an attorney-fee award are reviewed for clear error. *Id.* "A finding is clearly erroneous when this Court is left with the definite and firm conviction that the trial court has made a mistake." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 319; 14 NW3d 472 (2023).

Attorney fees in a domestic action may be awarded as necessary to enable a party to prosecute or defend a suit but may also be authorized when the requesting party was required to incur the expenses caused by the unreasonable conduct of the other party during the litigation. *Richards v Richards*, 310 Mich App 683, 700; 874 NW2d 704 (2015). The party seeking the attorney fees bears the burden of showing facts that sufficiently justify the award. *Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007).

MCR 3.206(D) addresses attorney fees and expenses, stating:

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that

(a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

"MCR 3.206(C)(2)(b)[2] considers only a party's behavior, without reference to the ability to pay." *Richards*, 310 Mich App at 701.

Our Supreme Court has explained the procedure a trial court must follow in awarding attorney fees. A trial court "must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 281; 884 NW2d 257 (2016). The trial court must then "multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure." *Id.* The trial court must then consider several factors in determining "whether an up or down adjustment is appropriate." *Id.* These factors are:

(1) the experience, reputation, and ability of the lawyer or lawyers performing the services,

(2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

(3) the amount in question and the results obtained,

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent. [*Id.* at 282.]

"In order to facilitate appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors." *Id.*

---

[2] MCR 3.206(C) was the predecessor to MCR 3.206(D)(2)(b). As explained in the staff comments, the rule "was suggested by the Michigan Judges Association to (1) reduce the number of hearings that occur because of a litigant's vindictive or wrongful behavior, (2) shift the costs associated with wrongful conduct to the party engaging in the improper behavior, (3) remove the ability of a vindictive litigant to apply financial pressure to the opposing party, (4) create a financial incentive for attorneys to accept a wronged party as a client, and (5) foster respect for court orders."

At the outset, we reject plaintiff's challenges. First, plaintiff contends that Judge Kirkham inappropriately failed to recognize that he had discretion in awarding attorney fees and, instead, relied upon Judge Yost Johnson's determination. Plaintiff's assertion is not reflected in the record. Although Judge Yost Johnson did instruct defense counsel to file a bill of costs, the judge did not indicate that those costs would be simply adopted. Instead, the judge acknowledged that a hearing may be necessary.

Similarly, Judge Kirkham did not merely order the attorney fees set forth in the bill of costs be awarded. Instead, Judge Kirkham listened to plaintiff's objections, swore defense counsel in, examined the noncompliance by plaintiff that recurred throughout the proceedings, and applied the *Pirgu* factors to determine the reasonableness of the requested attorney fees.

Although plaintiff asserts that defense counsel failed to support her hourly rate with documentary evidence, plaintiff submitted the economic rate data that the trial court accepted by taking judicial notice of it. Indeed, a judicially noticed fact is one that is not subject to reasonable dispute. Rather, it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. MRE 201(b)(2).

Furthermore, plaintiff alleged that the trial court erred in failing to consider defendant's ability to pay and plaintiff's hardship in being required to pay. However, plaintiff's position takes issue with MCR 3.206(D)(2)(a) (addressing ability to bear expense). But MCR 3.206(D)(2)(b) examines attorney fees and expenses "incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules." Indeed, the referee created a parenting visitation schedule but apprised the parties of their ability to agree to variations. Plaintiff did not abide by the visitation schedule created and unilaterally decided on numerous occasions that she would not present MGH for the scheduled visitation. And this court rule does not consider the party's ability to pay, but only the party's behavior. *Richards*, 310 Mich App at 701. Therefore, an attorney fee award was proper under MCR 3.206(D)(2)(b).

Furthermore, the trial court did not simply adopt the attorney fee requested in light of this rule. Instead, the trial court examined the *Pirgu* factors, including defense counsel's experience and reputation, the fixed rate charged compared to the average attorney, the difficulty of the case, the length of representation, the preclusion from serving other clients, and the expenses incurred with a reduction of the actual hours expended. *Pirgu*, 499 Mich at 282.

Under the circumstances, we cannot conclude that the trial court's factual findings were clearly erroneous. Plaintiff repeatedly withheld MGH from parenting time with defendant. When plaintiff's actions caused defendant to file motions and show causes to hold her in contempt, plaintiff frequently sought to modify the parenting time award. Although plaintiff alleged that the referee's parenting time schedule was detrimental to MGH, she did not submit a report from the

child's counselor to support that assertion. Applying these facts to the requested attorney fees, the trial court's ultimate attorney fee award did not constitute an abuse of discretion.[3]

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica

---

[3] Although plaintiff also claimed that there was a bias requiring a decision by a new judge, plaintiff did not raise this claim in the statement of questions presented. She waived this issue by failing to include it in her statement of questions presented. MCR 7.212(C)(5); *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019).