MOSSING v DEMLOW PRODUCTS, INC

Docket No. 287643. Submitted December 9, 2009, at Detroit. Decided
January 7, 2010, at 9:05 a.m.

Margaret Mossing brought an action in the Lenawee Circuit Court,
Timothy P. Pickard, J., against Demlow Products, Inc., and James
Demlow, alleging breach of contract, conversion, and a violation of
MCL 600.2961 with regard to whether plaintiff was due commissions
following the termination of the parties' business relationship. De-
fendants counterclaimed, raising affirmative defenses including ac-
cord and satisfaction. The trial court granted summary disposition in
favor of defendants, deciding the accord and satisfaction issue in
favor of defendant and stating that resolution of this issue disposed of
all the claims and counterclaims. The trial court did not consider
defendants' request for attorney fees and costs at that time. Plaintiff
appealed and defendants cross-appealed the order granting summary
disposition. Thereafter, the trial court entered a postjudgment order
denying defendants' request for fees and costs. Defendants did not
file a separate appeal from that order, but sought to challenge it as
part of their cross-appeal from the order granting summary disposi-
tion. On appeal, plaintiff argued that there was no accord and
satisfaction and that the Court of Appeals lacks jurisdiction to
consider defendants' challenge to the postjudgment order denying
their request for attorney fees and costs.

The Court of Appeals *held*:

Where a cross-appeal from an original judgment is filed in the
Court of Appeals before the trial court enters an order denying an
award of attorney fees and costs with regard to the original judgment,
a separate appeal must be taken from the postjudgment order
denying fees and costs. There was proper accord and satisfaction
according to MCL 440.3311(4). The trial court did not err by granting
summary disposition in favor of defendants on this issue.

Affirmed.

1. JUDGMENTS — POSTJUDGMENT ORDERS — ATTORNEY FEES — FINAL ORDERS.

A postjudgment order awarding or denying attorney fees and costs
under MCR 2.403, 2.405, 2.265, or other law or court rule is a final
judgment or final order (MCR 7.202[6][a][iv]).

2. APPEAL — POSTJUDGMENT ORDERS.

A separate appeal must be taken from a postjudgment order denying a defendant's request for an award of attorney fees and costs where, before the trial court entered the order denying fees and costs, the defendant filed a cross-appeal in the Court of Appeals with regard to the original judgment.

*Garan Lucow Miller, P.C.* (by *Robert D. Goldstein* and *Thomas R. Paxton*), for plaintiff.

*Philip M. Moilanen, P.C.* (by *Philip M. Moilanen*), for defendants.

Before: DONOFRIO, P.J., and SAWYER and OWENS, JJ.

PER CURIAM. Although the primary issue raised in this appeal is a rather straightforward application of the principle of accord and satisfaction, the cross-appeal raises an interesting jurisdictional question regarding whether a challenge to a postjudgment order denying attorney fees may be raised as part of a cross-appeal from the original judgment itself. We hold that where the cross-appeal from the original judgment was filed in this Court before the trial court entered the order denying an award of attorney fees and costs, a separate appeal must be taken from the postjudgment order denying fees and costs.

Plaintiff is an independent manufacturer's representative for suppliers of automobile parts. Defendant Demlow Products, Inc., is a manufacturer of wire forms that are used to build seats for automobiles. Plaintiff and defendants entered into a business relationship in 1991 and continued until June 2006. On June 21, 2006, defendants sent plaintiff a correspondence informing plaintiff that they were terminating their contract and stating that plaintiff would receive her commissions through June 30, 2006. Included with the correspon-

dence was a check for $7,364.94, and on the comment line was written, "JUNE 2006 FINAL PMT." Plaintiff's attorney responded and explained that plaintiff would be cashing the check for $7,364.94 with the understanding that the future commissions were still in dispute, and therefore the check would not be considered as a final payment.

When further payments were not forthcoming, plaintiff filed the instant action alleging breach of contract, conversion, and a violation of MCL 600.2961. Defendants filed a counterclaim and also raised various affirmative defenses, including accord and satisfaction. Ultimately, the trial court granted summary disposition in favor of defendants, concluding that there was no genuine issue of material fact on the issue of accord and satisfaction and that this issue disposed of all the claims and counterclaims. The trial court, however, separately considered the issue of defendants' request for an award of attorney fees and costs. Plaintiff filed a claim of appeal, and defendants filed a claim of cross-appeal, from the order granting summary disposition. Thereafter, the trial court entered its postjudgment order denying defendants' request for attorney fees and costs. Although this is considered a final order under MCR 7.202(6)(a)(iv) and may be appealed as of right, defendants did not file a separate appeal and merely raised their challenge to the denial of fees and costs as part of their cross-appeal.

We turn first to plaintiff's argument on appeal that there has been no accord and satisfaction of her claims because the notation on the check sent to plaintiff was insufficient to put her on notice that defendants intended a discharge of any and all claims. We disagree.

The trial court granted defendants' motion for summary disposition as to plaintiff's complaint on the basis

of MCR 2.116(C)(10) (no genuine issue as to any material fact). This Court reviews de novo the granting of such a motion.[1]

In considering a motion pursuant to MCR 2.116(C)(10), a court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in a light most favorable to the nonmoving party.[2] Where the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law.[3] A litigant's mere pledge to establish at trial that a genuine issue of material fact exists is not sufficient to overcome summary disposition.[4]

MCL 440.3311, not the common law, applies to an accord and satisfaction involving a negotiable instrument such as a check.[5] MCL 440.3311(4) states:

> A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim.

Not only did defendants send a check containing the words "JUNE 2006 FINAL PMT." on the memo line, but it also was sent with correspondence indicating defendants' intention to terminate the contract. Upon receiving this check and correspondence, plaintiff's attorney sent a responding correspondence stating:

---

[1] *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002).

[2] *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999).

[3] *Id.* at 120.

[4] *Id.* at 121.

[5] *Hoerstman Gen Contracting, Inc v Hahn*, 474 Mich 66, 75-76; 711 NW2d 340 (2006).

> My client . . . received a check of $7364.94, representing a payment for June. The memo on the check also indicated that it was a final payment. As you know, the issue of future payment is in dispute in this matter and therefore, the check is being cashed with the understanding that it is not, in fact, a final payment . . . .

Plaintiff fully understood that the check was tendered for final payment. Not only did plaintiff acknowledge in this correspondence that it was for final payment, she cashed the check knowing that the check was intended to be for final payment. This was proper accord and satisfaction according to MCL 440.3311(4), and the trial court did not err by granting summary disposition on this issue.

Our resolution of the accord and satisfaction issue renders plaintiff's second issue on appeal and defendants' first and second issues on cross-appeal moot.

But defendants also argue on their cross-appeal a third and final issue concerning attorney fees and costs, which is not resolved by resolution of the accord and satisfaction issue. Defendants argue that the trial court erred by denying attorney fees and costs to defendants. Plaintiff responds that this Court lacks jurisdiction to consider this issue because defendants did not claim an appeal from the order denying fees and costs. We agree.

A postjudgment order awarding or denying attorney fees and costs is a "final order" under MCR 7.202(6)(a)(iv) that may be appealed as of right. But it is less than clear whether such an order must be separately appealed, or whether an issue involving the awarding or denying of fees and costs that is covered in a postjudgment order may be raised as part of an appeal, or in this case, cross-appeal, from an actual final judgment itself.

Plaintiff does not refer us to any controlling precedent on this issue, nor were we able to find any. The closest case on point, *Costa v Community Emergency Med Services, Inc*,[6] is not directly relevant. In *Costa*, the defendants appealed as of right an order denying their motion for summary disposition based upon governmental immunity. MCR 7.202(6)(a)(v) provides that an order denying summary disposition based upon governmental immunity is a final order and therefore immediately appealable as of right. The plaintiffs filed a cross-appeal, challenging the circuit court's denial of their motion for summary disposition based upon an argument that two of the defendants had failed to file an affidavit of meritorious defense as required by statute. Those defendants argued that this Court lacked jurisdiction to consider the cross-appeal because it went outside the limited scope of the appeal itself. This Court disagreed.

This Court acknowledged that the scope of the appeal as of right under MCR 7.202(6)(a)(v) was limited in that case to issues related to the denial of summary disposition based upon governmental immunity.[7] But this Court went on to conclude that a cross-appeal is not so limited. Citing MCR 7.207(A)(1), the *Costa* Court concluded that there is a general right to claim a cross-appeal and that the court rules do not limit the scope of that cross-appeal.[8] Indeed, the Court noted that "MCR 7.207 does not restrict a cross-appellant from challenging whatever legal rulings or other perceived improprieties occurred during the trial court proceedings."[9] The Court

---

[6] 263 Mich App 572; 689 NW2d 712 (2004).

[7] *Costa, supra* at 583.

[8] *Costa, supra* at 583-584.

[9] *Id.* at 584.

went on to note that, even if the initial appeal is abandoned, the cross-appeal continues.

But *Costa* is hardly controlling on the issue before us. Not only does it deal with a different subrule of MCR 7.202(6), it also involved an order (denial of summary disposition) that is inherently interlocutory other than the fact that the court rule defines it as being a final order, while our case involves a postjudgment order. This leads to another difference in that the case at bar involves an order denying fees and costs that had not even been entered in the trial court until after the claims of appeal and cross-appeal were filed in this case. That is, defendants challenge on their cross-appeal an order that did not even exist at the time they filed the cross-appeal. Although the time line in *Costa* is unclear, presumably the order challenged in the cross-appeal had been entered (or certainly could have been entered) before the appeal and cross-appeal were filed.

The broad language in *Costa* might support the proposition that a postjudgment order denying fees and costs can be challenged as part of the appeal from the final judgment itself because it is part of "whatever legal rulings or other perceived improprieties occurred during the trial court proceedings."[10] But we conclude that it would be reading *Costa* and the court rules too broadly to conclude that a claim of cross-appeal invokes this Court's jurisdiction to challenge an order entered in the trial court after the claim of cross-appeal was filed in this Court.

Because we need not decide in this case whether a postjudgment order granting or denying an award of attorney fees and costs that is entered before a claim of cross-appeal is filed in this Court must nevertheless be

[10] *Id.*

separately appealed, we decline to do so. Rather, we hold in this case only that a separate appeal from such a postjudgment order must be filed when that order is entered in the trial court after the claim of cross-appeal is filed in this Court.

We recognize that failing to address the merits of this issue does a certain injustice in this case because defendants would very likely prevail on the merits given the mandatory, rather than discretionary, nature of the award of attorney fees and costs under MCL 600.2961(6) and that the trial court most likely erred by denying an award as to the claim raised under that statute. Nonetheless, we believe that we have no choice but to conclude that this Court's jurisdiction has not been properly invoked to allow us to review that order. Defendants had to have filed a claim of appeal from the order denying an award of fees and costs or, having failed to do that in a timely manner, filed an application for leave to appeal that order.

Affirmed. No costs, neither party having prevailed in full.