*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL S. SHERMAN, D.O., PC, doing business as PHYSICIAN EYE CARE ASSOCIATES OF GARDEN CITY, and MICHAEL S. SHERMAN, D.O.,

UNPUBLISHED
August 11, 2022

Plaintiffs/Counterdefendants/
Intervening Defendants-Appellees,

v

No. 357502
Wayne Circuit Court
LC No. 08-014212-CK

SHIRLEY T. SHERROD, M.D., PC, and SHIRLEY T. SHERROD, M.D.,

Defendants/Counterplaintiffs/Third-
Party Plaintiffs/Intervening
Defendants-Appellants,

and

GARDEN CITY HOSPITAL, and GARY LEY

Third-Party Defendants,

and

MERRILL LYNCH PIERCE FENNER & SMITH INC., and MERRILL LYNCH TRUST,

Garnishee Defendants,

and

SUNTRUST INVESTMENT SERVICES, INC., and SUNTRUST BANK, also known as TRUIST BANK,

Intervening Plaintiffs-Appellees.

-1-

Before: SAWYER, P.J., and SHAPIRO and REDFORD, JJ.

PER CURIAM.

Defendants Shirley T. Sherrod, M.D., PC and Shirley T. Sherrod, M.D. appeal as of right the trial court's order granting intervening plaintiffs SunTrust Investment Services Inc (STIS) and SunTrust Bank (STB) also known as Truist Bank's (Truist) motion to interplead and ordering Dr. Sherrod to pay costs and attorney fees of $20,000.[1]  For the reasons stated in this opinion, we reverse the trial court's decision to award costs and attorneys' fees and remand for further proceedings consistent with this opinion.

I. FACTUAL AND PROCEDURAL BACKGROUND

During 2008, plaintiff, Michael S. Sherman, D.O. and Dr. Sherrod entered an agreement under which Dr. Sherman would purchase Dr. Sherrod's ophthalmology medical practice. Contemporaneously two other agreements were entered, a one-year part-time employment agreement between Dr. Sherrod and Garden City Hospital (GCH) under which she agreed to render medical services at her sold practice, and an administrative services agreement between Dr Sherman and GCH under which he "agreed to provide, among other things, 'administrative management' of [Dr.] Sherrod." *Sherman v Sherrod*, unpublished opinion of the Court of Appeals issued December 21, 2021 (Docket No. 351634) (*Sherman IV*), 2-3).  Dr. Sherman's and Dr. Sherrod's relationship deteriorated over operation of the medical practice, resulting in Dr. Sherrod's quitting her employment, which led to plaintiffs filing suit against defendants alleging numerous claims including breach of contract. *Id*. at 3.  The trial court granted plaintiffs summary disposition, defendants appealed to this Court which affirmed the liability decision, but found that a genuine issue of material fact existed regarding damages. *Id*. at 4.  Further proceedings occurred which led to other appeals on various issues.   Ultimately, following a jury trial on the issue of damages, the trial court entered a final judgment in plaintiffs' favor in the total amount of $1,251,025.66, which consisted of damages, interest, attorneys' fees, costs, and expert fees. Defendants appealed and this Court affirmed. *Sherman IV*, unpub op at 1-2, 4, 6.

Plaintiffs endeavored to collect on their judgment with garnishment proceedings.  STIS and STB were served with writs of garnishment.  STIS filed a garnishee disclosure that indicated that it was indebted to defendants related to an account titled a pension account.  STB filed a

---

[1] We note, this is the fifth appeal to this court related to the dispute between plaintiffs and defendants.  The previous appeals were:  *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued May 30, 2013 (Docket Nos. 299045, 299775, and 308263) (*Sherman I*); *Michael S Sherman, DO, PC v Shirley T Sherrod MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2015 (Docket Nos. 320689, 323278, and 324569) (*Sherman II*);  *Michael S Sherman DO, PC v Shirley T Sherrod, MD PC*, unpublished per curiam opinion of the Court of Appeals, issued January 17, 2019 (Docket No. 340408) (*Sherman III*); and *Sherman v Sherrod*, unpublished opinion of the Court of Appeals issued December 21, 2021 (Docket No. 351634) (*Sherman IV*).

garnishee disclosure that indicated it was indebted to defendants in two accounts in the amount of $49,248.71. In January 2020, plaintiffs moved to collect $49,248 from STB. STIS and Truist moved to intervene in this action because they served as the custodians of accounts with funds subject to the judgment against defendants and no party could represent their interests in this case. The trial court granted STIS and Truist's motion to intervene and they filed a counterclaim for interpleader alleging that both plaintiffs and defendants claimed entitlement to Dr. Sherrod's personal accounts and the pension account that Dr. Sherrod claimed had protection from collection under the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001 *et seq*. STIS and Truist moved for interpleader under MCR 3.603 to interplead and deposit the disputed funds with the trial court.

Defendants next moved to dismiss the interpleader action on the ground that the trial court could not take jurisdiction over the disputed funds because ERISA prohibited alienation of pension funds under 29 USC 1056(d)(1), and because numerous other actions in state and federal courts were pending concerning the funds held by STIS and Truist. Defendants also opposed STIS and Truist's motion for interpleader. The trial court denied defendants' motion to dismiss the interpleader complaint.

The trial court held a hearing on April 29, 2021, and heard STIS and Truist's motion for interpleader. They explained that they held three accounts: one a personal checking account of Dr. Sherrod, one her personal savings account, and one a purported ERISA account, that Dr. Sherman sought to obtain the funds in the accounts to collect on the judgment through writs of garnishment. The checking and savings accounts amounted to roughly $50,000, and the purported ERISA account held about $1.2 million. They explained that a suit in Illinois federal court regarding the purported ERISA account remained pending concerning a dispute over the management of the account. STIS and Truist clarified that they sought to interplead the funds held in Dr. Sherrod's two personal accounts but also requested an order preserving the status quo of the purported ERISA account that the federal court froze pending the outcome of the federal case. Defendants opposed the motion.

The trial court granted the motion to interplead the funds in Dr. Sherrod's personal checking and savings accounts. Respecting the ERISA account under federal court control, the trial court ordered that account's funds be preserved until the Illinois federal court ruled. STIS and Truist requested that they be granted their costs and attorneys' fees under MCR 3.603(E). The trial court asked STIS and Truist's counsel what amount they sought, to which counsel advised that he did not have the amount readily at hand. The trial court stated that it intended to grant STIS and Truist's costs and fees request but it needed a specific amount. STIS and Truist's counsel stated that he estimated the interpleader action total equaled around $80,000 but the interpleader motion cost and fees seemed "more in the $20,000 ballpark." The trial court stated that, for the motion, it approved that amount but would revisit the issue later for the balance related to the case. Plaintiffs' counsel asked if the court desired to make a reasonableness finding from the bench on that amount. The trial court responded affirmatively and stated that it found the amount a reasonable fee considering the amount of work on the complicated legal matter in a 13-year-old case involving the most complicated collection case the court ever faced. Defendants did not object to the trial court's ruling.

STIS and Truist later submitted a proposed order to which defendants filed objections and submitted their own alternative proposed order. Defendants' objections, however, did not object to the trial court's award of costs and attorneys' fees to STIS and Truist, nor object to the amount awarded, or the reasonableness of such amount. The trial court held a hearing to settle the order. The trial court held that STIS and Truist's proposed order was consistent with MCR 3.603 and, therefore, entered an order denying defendants' objections to STIS and Truist's proposed order.

The trial court granted STIS and Truist's motion for interpleader and ordered them to deposit with the court $49,248.71, the funds they held in Dr. Sherrod's personal accounts. The court ordered further that the funds held in the purported ERISA account be preserved pending the outcome of the Illinois federal court case and that no one shall make any claim against those funds unless authorized or directed by that federal court. The order stated that under MCR 3.603(E)(2) Dr. Sherrod must pay STIS and Truist's $20,000 costs and attorneys' fees for the reasons stated on the record and that the court deemed the amount a fair and reasonable award of costs and fees in light of the issues raised by Dr. Sherrod. The trial court denied defendants' motion to dismiss the interpleader action as moot. The court dismissed STIS and Truist and enjoined the parties from commencing and prosecuting another action against them regarding the subject matter of the interpleader action. Defendants now appeal the trial court's decision to award STIS and Truist costs and attorneys' fees.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's award of attorneys' fees and costs. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. Findings of fact related to an award of attorney fees are reviewed for clear error, and questions of law related to such award are reviewed de novo. *Brown v Home-Owners Ins Co*, 298 Mich App 678, 689-690; 828 NW2d 400 (2012). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Id*. at 690 (quotation marks and citation omitted).

## III. ANALYSIS

As a preliminary matter, STIS and Truist argue that this Court lacks jurisdiction to consider this appeal. We disagree.

"The jurisdiction of the court of appeals shall be provided by law . . . ." Const 1963, art 6, § 10. "[T]he jurisdiction of the Court of Appeals is entirely statutory." *People v Milton*, 393 Mich 234, 245; 224 NW2d 266 (1974). The Legislature granted jurisdiction to the Court of Appeals in relevant part as follows:

> (1) The court of appeals has jurisdiction on appeals from all final judgments and final orders from the circuit court, . . . , as those terms are defined by law and supreme court rule, except final judgments and final orders described in subsections (2) and (3). A final judgment or final order described in this subsection is appealable as a matter of right. [MCL 600.308.]

MCR 7.203(A)(1), provides that the Court of Appeals "has jurisdiction of an appeal of right filed by an aggrieved party from" all final orders of the circuit court "as defined in MCR 7.202(6). An "aggrieved party" is a person whose own interests were actually harmed by the decision of the trial court. *Federated Ins Co v Oakland Co Road Comm*, 475 Mich 286, 290-292; 715 NW2d 846 (2006). MCR 7.202(6) defines the term "final order" in relevant part as follows:

> (a) In a civil case,

> * * *

> (*iv*) a postjudgment order awarding or denying attorney fees and costs under . . . other law or court rule[.]

In *Mossing v Demlow Products, Inc*, 287 Mich App 87, 91; 782 NW2d 780 (2010), this Court stated that a "postjudgment order awarding or denying attorney fees and costs is a 'final order' under MCR 7.202(6)(a)(*iv*) that may be appealed as of right." See also, *Pioneer State Mutual Ins Co v Michalek*, 330 Mich App 138, 143; 946 NW2d 812 (2019) (clarifying that MCR 7.203(A)(1) limits an appeal under MCR 7.202(6)(a)(*iv*) " 'to the portion of the order with respect to which there is an appeal of right,' meaning that these appeals only pertain to the award of attorney fees . . . , [but] any issue outside those challenging the award of attorney fees goes beyond our jurisdiction over these appeals.").

In this case, defendants appeal the trial court's order to the extent that it awarded costs and attorneys' fees of $20,000 to STIS and Truist. The trial court awarded STIS and Truist costs and attorneys' fees under MCR 3.603(E) which provides:

> The court may award actual costs to an interpleader plaintiff. For the purposes of this rule, actual costs are those costs taxable in any civil action, and a reasonable attorney fee as determined by the trial court.

> (1) The court may order that the plaintiff's actual costs of filing the interpleader request, tendering the disputed property to the court, and participating in the case as a disinterested stakeholder be paid from the disputed property or by another party.

> (2) If the plaintiff incurs actual costs other than those described in subrule (1) due to another party's unreasonable litigation posture, the court may order that the other party pay those additional actual costs.

> (3) An award made pursuant to this rule may not include reimbursement for the actual costs of asserting the plaintiff's own claim to the disputed property, or of supporting or opposing another party's claim.

MCR 3.603(E) confers upon courts in interpleader actions the authority to award actual costs which the rule defines as including reasonable attorneys' fees as determined by the trial court. Under MCR 7.202(6)(a)(*iv*) and MCR 7.203(A)(1), defendants may appeal as of right the trial court's order awarding attorneys' fees and costs, which is a postjudgment final order. In this case, the trial court entered a final judgment long before plaintiffs engaged in postjudgment collection

-5-

efforts. The trial court's award of costs and attorneys' fees in relation to the interpleader action arising out of plaintiffs' postjudgment collection efforts is a final order. STIS and Truist's challenge to this Court's jurisdiction over this appeal, therefore, fails as a matter of law because a trial court's award of attorneys' fees and costs under MCR 3.603(E) is a final order appealable as of right under MCR 7.202(6)(a)(*iv*) and MCR 7.203(A)(1).

Defendants argue that the trial court abused its discretion by awarding STIS and Truist costs and attorneys' fees because it failed to properly analyze and determine the reasonableness of the fees as required by *Smith* and *Pirgu v United Servs Auto Ass'n*, 499 Mich 269; 884 NW2d 257 (2016), and STIS and Truist presented the trial court nothing to sustain their $20,000 estimate. STIS and Truist counter that defendants failed to object and waived the claim of error, and that the amount awarded is reasonable under the circumstances.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) (quotation marks and citation omitted). In this case, defendants did not pose any objection to the costs and attorneys' fees award, its amount, or reasonableness. Defendants, therefore, failed to preserve this issue for appellate review.

Michigan generally follows a raise or waive rule of appellate review. *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). Although our Supreme Court has held that this Court must review unpreserved errors in criminal cases for plain error affecting the defendant's rights, see *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999), it has not established a similar holding for civil cases. See *Walters*, 481 Mich. at 387-388; see also *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 377-378; 761 NW2d 353 (2008) (stating that the failure to properly raise a claim of error before the trial court in a civil case normally constitutes a waiver of that claim and declining to exercise its discretion to review the unpreserved claim under the facts of that case). In *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 194; 920 NW2d 148 (2018) (quotation marks and citations omitted), this Court recently explained:

> [T]he fundamentals of appellate-preservation law . . . require parties to first raise issues in the lower court to be addressed in that forum. Therefore, plaintiffs have waived appellate review of this issue. Plaintiffs may not remain silent in the trial court and then hope to obtain appellate relief on an issue that they did not call to the trial court's attention. A party may not claim as error on appeal an issue that the party deemed proper in the trial court because doing so would permit the party to harbor error as an appellate parachute.

Nevertheless, this Court has the discretion to overlook preservation requirements. See *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (stating that this Court may overlook preservation requirements where the failure to consider the issue would result in a manifest injustice, or if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented); see also *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 532; 866 NW2d 817 (2014). This Court, however, will exercise its discretion sparingly and

only where exceptional circumstances warrant review. *Booth v Univ of Mich Bd of Regents*, 444 Mich 211, 234 n 23; 507 NW2d 422 (1993).

In this case, defendants waived any objections to the trial court's award of costs and attorneys' fees to STIS and Truist, including the objections to the amount of the award and the court's reasonableness decision. The record does not definitively indicate that manifest injustice will occur if this Court does not consider the issue, nor that consideration is necessary for determination of the case. Nevertheless, we conclude that we should exercise our discretion and address the issue raised by defendants because the issue involves a question of law regarding the attorneys' fees award and the record is not entirely clear how or why the trial court decided to award $20,000. The record indicates that STIS and Truist's counsel merely guessed at that amount and offered nothing to establish that the amount constituted the actual costs and fees incurred in relation to the motion for interpleader, nor anything that established the reasonableness of such fees.

In *Smith*, our Supreme Court set forth the analysis for determining attorney fee awards where a statute or rule permits fee-shifting, and held that a trial court must begin its reasonableness analysis "by determining the fee customarily charged in the locality for similar legal services" and then multiplying that number "by the reasonable number of hours expended in the case." *Smith*, 481 Mich at 530-531. Then after determining that baseline, the trial court must determine whether any adjustments are appropriate. *Id*. at 531. In *Pirgu*, our Supreme Court reaffirmed those two steps in the analysis and clarified the factors that trial courts must consider in the second step of the process to determine attorneys' fees awards. *Pirgu*, 499 Mich at 281. To assist trial courts, our Supreme Court distilled the factors that trial courts must consider into the following list:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent. [*Id*. at 282.]

Our Supreme Court instructed:

> These factors are not exclusive, and the trial court may consider any additional relevant factors. In order to facilitate appellate review, the trial court should briefly

discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors. [*Id*. (citations omitted).]

In this case, MCR 3.603(E) permits the award of actual costs to an interpleader plaintiff. The term "actual costs" is defined as "those costs taxable in any civil action, and a reasonable attorney fee as determined by the trial court." MCR 3.603(E). Although the trial court declared an amount and stated that it was reasonable, the record indicates that the amount constituted STIS and Truist's counsel's "ballpark" estimate. STIS and Truist presented nothing to the trial court. The record indicates that the trial court did not determine first the fee customarily charged in the locality for similar legal services. Nor did it determine the number of hours expended in relation to the interpleader motion or if the time expended was reasonable. The trial court also did not consider any relevant factors nor determine if any adjustments were necessary.

STIS and Truist failed to submit a bill of costs. They also failed to present an itemization of attorneys' fees that specified the work performed and by whom, the time expended, and the rate(s) at which the attorney(s) performing the work charged the clients in relation to their interpleader motion. STIS and Truist's attorneys provided no affidavit setting forth facts from which the trial court could discern whether factors necessitated adjustments to the hours expended or rates charged. The trial court also failed to articulate on the record its view of each of the applicable factors justifying the award of $20,000 to STIS and Truist. The trial court failed to fulfill its duties as specified in *Smith* and clarified in *Pirgu*. The trial court, therefore, abused its discretion by awarding STIS and Truist costs and attorneys' fees in the amount of $20,000 based on an unsupported estimate. The trial court had authority to only award "actual costs" under MCR 3.603(E), which required a reasonableness determination as specified in *Smith* and clarified in *Pirgu*. Accordingly, we reverse the trial court's award and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Douglas B. Shapiro
/s/ James Robert Redford