*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAMERA L. LASKARIS,

Plaintiff-Appellee,

v

GUY A. LASKARIS,

Defendant-Appellant.

UNPUBLISHED
December 22, 2022

No. 360963
Ingham Circuit Court
LC No. 10-000862-DM

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant Guy A. Laskaris appeals the trial court's postjudgment order awarding attorneys' fees to plaintiff Tamera L. Laskaris. We find that Guy waived and abandoned any attack on the attorneys' fee award. And because only the attorneys' fee award is appealable as of right, MCR 7.202(6)(a)(iv), we do not have jurisdiction to address Guy's collateral challenge to the enforceability of the September 20, 2017 stipulation and order. See MCR 7.203(A)(1); *Pioneer State Mutual Ins Co v Michalek*, 330 Mich App 138, 143; 946 NW2d 812 (2019). Even if we had jurisdiction, we find that Guy waived any challenge to the 2017 order because he stipulated to its entry, did not move for relief, and did not seek leave to appeal that order. We affirm.

## I. BACKGROUND

The facts are undisputed. Tamera and Guy were married in 1992, and divorced in 2011. They have four children that are currently 25, 22, 20, and 16. At the time of the divorce, Guy was working as an independent contractor emergency room physician. He had his own medical corporation, and Tamera was his bookkeeper. The terms and conditions of the consent judgment of divorce included obligations for Guy to pay Tamera spousal support, employment income, and child support for 20 years. Guy was also responsible to pay the costs of room and board, tuition, books, and a moderate sum of spending for each child's college education.

Six years after the consent judgment was entered, Tamera moved to enforce it. She claimed that Guy owed over $200,000 in child and spousal support from 2012 through 2017. Guy did not dispute his obligations, but he argued for a modification due to his financial circumstances. He also filed a motion for relief from the consent judgment. The parties ultimately reached a voluntary

-1-

resolution. The terms of their agreement were incorporated in a stipulation and order that was entered by the trial court on September 20, 2017.

Pursuant to the parties' agreement, Guy's monthly child support obligation was reduced. The parties also agreed that child support would be non-modifiable, and continue until April 20, 2031, at which time the parties' oldest child would be 33 and their youngest would be 25. The parties acknowledged that the child support obligation was a downward deviation from the Michigan Child Support Formula (MCSF). But they affirmed it was in the minor children's best interests because Tamera would receive a substantial sum in spousal support,[1] post-majority support would be paid, and the parties were required to equally contribute and pay for the children's college tuition.[2]

It was undisputed that Guy owed over $200,000 in arrearages at the time. The parties agreed to hold those arrearages in abeyance as long as Guy timely fulfilled his support obligations and repaid the 2017 arrearage balance in full. But if Guy fell behind on the support payments, the terms of the agreement specified that the arrearages would become due in full. The parties also agreed that Guy would "be responsible for all reasonable attorney fees incurred" if Tamera had to seek enforcement of the 2017 stipulated order.

Four years later, on August12, 2021, Tamera filed a motion to enforce the stipulated order. Guy admitted that he was in arrears, but he argued that he did not have the financial resources. He advocated for a review of his support obligations due to an alleged change in his financial status. He also maintained that the stipulated order was unenforceable because it provided for unmodifiable child support. He contended that the non-modifiable language was an integral term of the agreement that precluded enforcement of the other provisions in the stipulated order.

The trial court noted that there was no evidence, or even an argument, that there was fraud, a mistake, illegality, or unconscionability to preclude the stipulated order from being enforced, which Guy's counsel admitted. The trial court found that the parties reached a settlement in 2017, and the language of their agreement was clear and unambiguous. The trial court granted Tamera's motion to enforce the 2017 stipulation and order, and awarded her $7,413 in attorneys' fees.[3] This appeal followed.

## II. JURISDICTION

Guy's claim of appeal and his brief on appeal identify the March 2022 trial court order as the "final order" being appealed. He maintains that we have jurisdiction of this appeal of right under MCR 7.202(6)(a)(iv) "as the order is a post-judgment domestic order granting attorney

---

[1] Guy's obligation to pay an employment income to Tamera was eliminated, but his monthly spousal support obligation was increased.

[2] The stipulation also included provisions addressing health insurance, medical expenses, life insurance, and disability insurance.

[3] At the time that the order was entered in March 2022, Guy was over $440,000 in arrears.

fees." But Tamera asserts that we do not have jurisdiction to consider Guy's collateral challenge to the enforceability of the September 2017 stipulated order.[4]

Our jurisdiction is governed by statute and court rule. See Const 1963, art 6, § 10; *Chen,* 284 Mich App at 191. The Legislature has granted this Court jurisdiction to consider an appeal of right

> from all final judgments and final orders from the circuit court, . . . as those terms are defined by law and supreme court rule, except final judgments and final orders described in subsections (2) and (3). . . . [MCL 600.308(1)(a).]

Consistent with this statutory authority, the court rules provide that this Court "has jurisdiction of an appeal of right" from "[a] final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6). . . ." MCR 7.203(A)(1). A "final order" includes "a postjudgment order awarding or denying attorney fees and costs under court rule or other law." MCR 7.202(6)(a)(iv). But "MCR 7.203(A)(1) limits an appeal under MCR 7.202(6)(a)(iv) 'to the portion of the order with respect to which there is an appeal of right,' meaning that these appeals only pertain to the award of attorney fees." *Pioneer*, 330 Mich App at 143. "[A]ny issue outside those challenging the award of attorney fees goes beyond our jurisdiction over these appeals." *Id.*

In this case, Guy's appeal of right is limited to the portion of the March 2022 order awarding attorneys' fees to Tamera. *Pioneer*, 330 Mich App at 143; *Mossing v Demlow Products, Inc*, 287 Mich App 87, 91; 782 NW2d 780 (2010). His challenge to the enforceability of the September 2017 stipulated order is outside of the award of attorneys' fees and, therefore, is beyond our jurisdiction in this appeal of right. See MCR 7.203(A)(1); *Pioneer*, 330 Mich App at 143.

Although we have discretion to consider Guy's collateral attack on the 2017 stipulated order as if on leave granted, we decline to do so. "A party cannot stipulate [to] a matter and then argue on appeal that the resultant action was error." *Chapdelaine v Sochocki*, 247 Mich App 167, 177; 635 NW2d 339 (2001). "[E]rror requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence." *Farm Credit Services of Michigan's Heartland, PCA v Weldon*, 232 Mich App 662, 683-684, 591 NW2d 438 (1998). "Stipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts. Like contracts, stipulated orders are agreements reached by and between the parties." *Spires v Bergman*, 276 Mich App 432, 441; 741 NW2d 523 (2007) (quotation marks and citation omitted). Guy has not raised any contract defenses such as mistake, fraud, or unconscionability with respect to the stipulated order. See *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395; 573 NW2d 336 (1997). More importantly, Guy failed to move for relief or seek leave to appeal the

---

[4] It is always within this Court's scope of review to consider whether it has subject-matter jurisdiction. MCR 7.216(A)(10); *Walsh v Taylor*, 263 Mich App 618, 622; 689 NW2d 506 (2004). We review jurisdictional issues de novo. *Chen v Wayne State Univ,* 284 Mich App 172, 191; 771 NW2d 820 (2009). "The interpretation and application of statutes, rules, and legal doctrines is reviewed de novo." *Micheli v Mich Auto Ins Placement Facility*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356559); slip op at 3.

2017 stipulated order. In fact, he did not raise any challenge until more than four years after it was entered. We conclude that Guy has waived any objections to the 2017 stipulated order.

### III. ATTORNEYS' FEES

It is undisputed the parties agreed that Guy would be responsible for all reasonable attorneys' fees incurred by Tamera if she had to seek enforcement of the 2017 stipulated order. Pursuant to that agreement, Tamera requested that the trial court award her $7,413 in attorneys' fees. Guy did not raise any objections to the amount or reasonableness of the fees requested. He also did not request an evidentiary hearing. The trial court ultimately awarded Tamera $7,413 in attorneys' fees.

Guy now appeals that award. But a party "may not remain silent in the trial court and then hope to obtain appellate relief on an issue that they did not call to the trial court's attention." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 194; 920 NW2d 148 (2018). Guy also failed to raise any arguments in his appeal brief regarding the amount or reasonableness of the award.[5] He simply argues that the September 2017 stipulated order is unenforceable, which includes the provision regarding attorneys' fees. We find that Guy has waived and abandoned this issue.

Affirmed.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica

---

[5] "If a party fails to adequately brief a position, or support a claim with authority, it is abandoned." *MOSES, Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006).