*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUTH BASEHORE,

Plaintiff-Appellant,

v

PAUL SHORT, Personal Representative
of the ESTATE OF MARY JANE HAY,

Defendant-Appellee.

UNPUBLISHED
March 14, 2024

No. 366596
St. Clair Circuit Court
LC No. 22-001214-NO

Before: O'BRIEN, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition. On appeal, plaintiff challenges both the trial court's decision to grant defendant's motion for summary disposition as well as the court's earlier decision to strike plaintiff's expert witness. For the reasons explained in this opinion, we agree with plaintiff that the trial court initially erred by striking plaintiff's expert witness, and subsequently erred by granting defendant's motion for summary disposition. We accordingly reverse the order striking plaintiff's expert witness, vacate the order granting defendant's motion for summary disposition, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The basic facts of this case are not in dispute. Plaintiff worked as a home healthcare provider for Mary Jane Hay at her residence in St. Clair, Michigan. Shortly before the accident giving rise to this case, Hay passed away, and defendant—who is Hay's only child—was appointed personal representative of her estate. Defendant lived out of state, however, and plaintiff was asked to continue working her shift at Hay's residence to care for Hay's dog.

The accident at issue occurred on November 21, 2021. On November 20, 2021, plaintiff arrived at Hay's residence[1] around 7:00 p.m. and remained there until the following morning. Plaintiff accessed Hay's residence on November 20 by walking up a wheelchair ramp attached to the home's deck. She did not observe any ice in the area of the ramp at the time.

Plaintiff estimated that she left the house the following morning between 6:30 a.m. and 6:40 a.m. using the same ramp. Though the sun was rising, it was still dark outside, and the ramp was illuminated by a porch light and "the garage lights." Plaintiff believed that the temperature was below freezing because she saw "a heavy frost on [her] windshield," but she never made it to her car to scrape it off. Instead, plaintiff was injured when she slipped and fell while descending the wheelchair ramp to her car. According to plaintiff, she was being careful while walking down the ramp even though it did not look slippery because others had warned her to be careful on the ramp. Plaintiff did not see any snow on the ground and believed that she slipped on black ice.

Plaintiff filed a complaint against defendant alleging one count of premises liability, among other claims not relevant to this appeal. In answer, defendant generally denied the pertinent allegations. As affirmative defenses, defendant asserted that the complained-of condition on the land was open and obvious, and that defendant lacked notice of the condition.

Pursuant to a scheduling order, discovery was to remain open for 180 days, and plaintiff was to serve her expert witness list on defendant "no later than 60 days prior to the close of discovery." In February 2023, the trial court entered a stipulated order extending discovery until May 5, 2023.

On April 11, 2023, plaintiff filed an amended expert witness list in which plaintiff for the first time identified Paul Gross as an expert witness in meteorology. Defendant objected and motioned to strike Gross because plaintiff's disclosure of the expert was untimely. On the same day he filed this objection, defendant filed a motion for summary disposition. Defendant argued that any ice that caused plaintiff to fall was open and obvious because plaintiff observed ice on the windshield of her care, and the presence of wintry conditions should have alerted her to the possibility of ice on the ramp. Defendant additionally argued that there was no evidence in the record tending to establish that defendant had actual or constructive notice of any ice on the wheelchair ramp leading to Hay's residence.

The trial court heard defendant's motion to strike plaintiff's expert on May 8, 2023. At the hearing, plaintiff explained that she did not realize that the testimony of a meteorologist would be necessary until she discovered at defendant's March 2023 deposition that defendant lived out of state at the time of plaintiff's fall. Defendant's living out of state was significant, according to plaintiff, because it tended to establish that defendant did not have actual notice of the black ice that caused plaintiff to fall. Plaintiff thus wanted to present the testimony of a meteorologist, who could attest to the weather on the date of plaintiff's fall to establish that defendant should have known about the black ice on the ramp, even if he lacked actual notice.

---

[1] While defendant was the owner of the property at the time of plaintiff's accident, this opinion refers to the property as "Hay's residence" or "Hay's property" to avoid possible confusion.

Plaintiff claimed that the late addition of Gross as a witness minimally prejudiced defendant, if it prejudiced him at all, because Gross was only going to testify about the weather as opposed to "a crazy, crazy theory." Plaintiff also claimed that she minimized the prejudice to defendant as best she could by filing her amended expert witness list within 48 hours of receiving Gross's report. At the end of the hearing, the trial court granted defendant's motion to strike plaintiff's expert witness, concluding that Gross's testimony was irrelevant.

The trial court held a hearing on defendant's motion for summary disposition about three weeks later on May 30, 2023. In response to defendant's argument that plaintiff lacked notice, plaintiff relied on the principle that the law will impute notice of a dangerous condition to a possessor of land if the condition existed for a sufficient length of time; plaintiff contended that there was a question of fact whether defendant had constructive notice of the ice on the ramp that caused plaintiff to fall because the ice formed overnight between the evening that plaintiff arrived at Hay's residence and early the next morning when plaintiff left. Defendant subsequently conceded that the condition existed for six hours before the fall, but contended that this was not enough to establish a question of fact whether defendant should have known about the ice on the ramp, especially because the condition developed overnight.

After listening to the parties' arguments, the trial court decided to grant defendant's motion for summary disposition. Respecting notice, the court held that plaintiff failed to present evidence creating a question of fact whether defendant should have known about the ice on the ramp. The court reasoned that the condition was "present for a very short duration"—having formed overnight—and so a factfinder would have to engage in "speculation and conjecture" to conclude that defendant had notice of the ice. The court additionally reasoned that it was proper to grant defendant's motion for summary disposition because the ice was open and obvious in light of plaintiff's testimony that she observed the presence of wintry conditions before her fall, i.e., she saw ice on her car's windshield.

This appeal followed.

## II. THE EFFECT OF RECENT CASELAW

At the outset, we must clarify how a recent development in this state's jurisprudence has changed the posture of this appeal. In granting defendant's motion for summary disposition, the trial court reasoned in part that summary disposition was proper because there was no question of fact that the hazardous condition on the land was open and obvious. In so doing, the trial court applied the then-correct analysis applicable to premises-liability claims first announced in *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023) (Docket No. 162907). *Lugo* held in relevant part that a possessor of land does not owe a duty to protect invitees from open and obvious defects. *Lugo*, 464 Mich at 516. In *Kandil-Elsayed*, our Supreme Court overruled *Lugo* and held that "the open and obvious nature of a danger" is only "relevant to the defendant's breach and the plaintiff's comparative fault." *Kandil-Elsayed*, 512 Mich at 144.

In light of *Kandil-Elsayed*, the open-and-obvious nature of the hazardous condition on defendant's land no longer absolves defendant of the duty he owed plaintiff. See *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364809);

slip op at 8 (holding that *Kandil-Elsayed* applies retroactively). Instead, the open-and-obvious nature of the hazardous condition on defendant's land is relevant to whether defendant *breached* his duty to plaintiff and plaintiff's comparative fault; the open-and-obvious nature of the defect no longer plays any role in determining the contours of the duty that defendant owed plaintiff. See *Kandil-Elsayed*, 512 Mich at 144. Defendant concedes on appeal that the open-and-obvious doctrine no longer bars plaintiff's claim, and encourages this Court to affirm based solely on the alternative grounds that defendant lacked notice of the ice that caused plaintiff to fall.

But the changes to the open-and-obvious doctrine has a cascading effect on this case, somewhat muddying that alternate ground. The trial court alternatively reasoned that plaintiff's claim had to be dismissed because plaintiff failed to establish a question of fact whether defendant had notice of the hazardous condition. This ruling implicated the trial court's earlier ruling to strike Gross because the very reason plaintiff sought to present Gross's testimony about the weather was to establish that defendant should have known (i.e., had constructive notice of) the ice on the ramp that caused plaintiff's injury. In effect, then, the trial court struck plaintiff's witness whose testimony was intended to establish that defendant had notice of the ice on the ramp, and then dismissed plaintiff's claim because there was insufficient evidence to establish that defendant had notice of the ice on the ramp. Clearly, there is substantial overlap between these decisions. Even so, this opinion addresses plaintiff's challenges to the trial court's decisions separately.

## III. DECISION TO STRIKE EXPERT

Plaintiff first argues that the trial court erred by granting defendant's motion to strike plaintiff's expert. We agree.

### A. STANDARD OF REVIEW

A trial court's decision to bar a witness from testifying due to the proponent's failure to timely disclose the witness is reviewed under the same standard as a trial court's decision to admit evidence generally—for an abuse of discretion. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 162; 792 NW2d 749 (2010); *Elezovic v Ford Motor Co*, 472 Mich 408, 419; 697 NW2d 851 (2005). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Duray Dev*, 288 Mich App at 162. "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

### B. ANALYSIS

In its order, the trial court granted defendant's motion to strike Gross "for the reasons stated on the record." At the hearing on defendant's motion, the trial court stated in relevant part, "Honestly, I'm not really seeing a connect, the connection and I'm not seeing the relevance of having this expert testify. So I am going to deny Second Amended Witness List and the Expert Witness." It is thus apparent that the trial court granted defendant's motion to strike Gross as a witness because the court deemed Gross's testimony to be irrelevant.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and that fact is of consequence in determining the action. MRE 401. Relevant evidence is generally admissible, while irrelevant evidence is inadmissible. MRE 402. The probative force necessary to render evidence relevant is minimal—" 'any' tendency is sufficient probative force" to satisfy MRE 401's requirement. *People v Crawford*, 458 Mich 376, 390; 582 NW2d 785 (1998).

To establish her claim for premises liability, plaintiff was required to establish, among other things, that defendant had actual or constructive notice of the hazardous condition on his land. *Albitus v Greektown Casino, LLC*, 339 Mich App 557, 563; 984 NW2d 511 (2021). It is undisputed that defendant, who lived out of state, did not have actual notice of the ice on the ramp that caused plaintiff to fall. For plaintiff's claim to proceed, then, she needed to present evidence tending to establish that defendant had constructive notice of the ice on the ramp. A plaintiff can establish constructive notice if he or she can show that the defendant "should have known of [the condition] because of its character or the duration of its presence." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 11; 890 NW2d 344 (2016).

It is difficult to imagine a scenario in the abstract in which a qualified expert's testimony about the weather leading up to a plaintiff's slipping on ice outdoors would be irrelevant to whether the defendant had constructive notice of the ice. For years, courts in this state have held that plaintiffs who slip on ice cannot recover for their injuries if the weather conditions leading up to and at the time of the plaintiff's fall would have alerted the plaintiff to the possibility of icy conditions. Baked into this rule was the common-sense premise that a person of ordinary intelligence understands that, due to its character, ice only forms in certain conditions; if those conditions are present, then a person of ordinary intelligence would or should know that surfaces may be icy.

For instance, our Supreme Court held that "the presence of wintery weather conditions and of ice on the ground elsewhere on the premises rendered the risk of" slipping on ice open and obvious. *Ragnoli v N Oakland-N Macomb Imaging, Inc*, 500 Mich 967, 967 (2017). This Court in *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008) explained the basic principle as follows:

> When applying the open and obvious danger doctrine to conditions involving the natural accumulation of ice and snow, our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months.

In *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935 (2010), our Supreme Court held that black ice was "open and obvious" "when there are indicia of a potentially hazardous condition, including the specific weather conditions present at the time of the plaintiff's fall." (Quotation marks and citation omitted.) *Janson* elaborated that other considerations that could make ice "open and obvious" included the time of year ("the slip and fall occurred in winter"), the temperatures before and at the time of the plaintiff's fall, whether there was snow on the ground, and any precipitation leading up to the plaintiff's fall (including "mist," "light freezing rain," "light snow," etc.). *Id*.

While the open-and-obvious doctrine has been modified since these cases were decided and is otherwise irrelevant to the issue of notice, the basic logic from this line of cases is applicable here—a person of ordinary intelligence understands that, due to its character, ice forms in cold, wintry conditions. It follows that if such conditions are present for a sufficient length of time, then a possessor of land would know (or should know) about the risk of ice forming on his or her land. See *Lowrey*, 500 Mich at 11 (explaining that a land possessor is deemed to have constructive notice of a hazardous condition on the land if the land possessor "should have known of [the condition] because of its character or the duration of its presence"). Conversely, if such wintry conditions were not present leading up to when a plaintiff slipped on ice, or if the wintry conditions were only present for a short or transitory period, then it may tend to support that the possessor of land lacked constructive notice of any ice on his or her land. Either way, evidence about the weather leading up to a plaintiff's slipping on ice would be relevant to whether the land possessor had constructive notice of the ice.[2]

Plaintiff here sought to admit Gross's testimony so that he could detail the weather leading up to and at the time of plaintiff's fall. This evidence was plainly relevant for the reasons explained. The trial court thus erred as a matter of law—and necessarily abused its discretion—when it excluded Gross's testimony on grounds that it was irrelevant.[3]

---

[2] To reiterate, this opinion is merely applying the well-established rule that constructive notice can be established by showing that the defendant should have known about a condition on land due to "its character or the duration of its presence." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 11; 890 NW2d 344 (2016). As explained, by its nature, ice can only form in certain conditions, so if those conditions are present, then a reasonable person should know about the risk of ice forming. As for whether those conditions existed for a sufficient length of time to establish notice, that is generally considered a question of fact. See *Banks v Exxon Mobil Corp*, 477 Mich 983, 984; 725 NW2d 455 (2007).

[3] We acknowledge that defendant moved to strike Gross's testimony because plaintiff failed to timely disclose Gross as a witness in violation of the trial court's scheduling order. It is not apparent that the trial struck Gross as a sanction for this shortcoming, however. As explained, the trial court's stated reason for striking Gross suggests that the court excluded Gross's testimony because it was irrelevant, which necessarily rendered it inadmissible, see MRE 402, regardless of whether plaintiff timely disclosed Gross as a witness. Accordingly, this opinion should not be construed as preventing defendant from seeking appropriate sanctions for plaintiff's failure to timely disclose Gross as a witness because it is not apparent that the trial court actually ruled on that issue. We emphasize, however, that striking Gross as a witness would be a drastic sanction requiring consideration of the factors listed in *Duray*, 288 Mich App at 165.

If our reading of the record is incorrect and the trial court indeed intended to strike Gross as a sanction for plaintiff's untimely disclosure of Gross as an expert witness in violation of the trial court's scheduling order, then we would still vacate the order and remand for the trial court to address the factors from *Duray* before striking Gross as a witness. See *id*. at 165-166 (holding that the trial court abused its discretion when it struck a witness without considering the listed

## IV.  DECISION TO GRANT DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

Plaintiff also challenges the trial court's decision to grant defendant's motion for summary disposition.  In light of our conclusion that the trial court improperly excluded Gross's testimony, we agree.

### A.  STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).  A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. A motion for summary disposition under MCR 2.116(C)(10) is properly granted "when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey*, 500 Mich at 5.  "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citation omitted).

A party moving for summary disposition under MCR 2.116(C)(10) may satisfy its burden by (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of that party's claim. *Lowrey*, 500 Mich  at 7.  If the moving party satisfies its burden, then the burden shifts to the nonmoving party, who must set forth specific facts showing a genuine issue of fact for trial. *Id*.

### B.  ANALYSIS

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019) (quotation marks and citation omitted).  A land possessor generally owes any person on his or her land a duty, and the contours of that duty depends on the person's status on the land.  See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000); *Kandil-Elsayed* 512 Mich at 143-144.  If a person on the land possessor's land is injured by a condition of the land, the land possessor can only be liable if he or she knew or should have known about the dangerous condition before the plaintiff's injury. *Albitus*, 339 Mich App at 563.  In other words, for a plaintiff to be entitled to relief in a premises-liability action, the plaintiff must establish that the defendant had actual or constructive notice of the dangerous condition on the land that caused the plaintiff's injury.

---

factors, and remanding for the trial court to "tak[e] the above-mentioned factors into consideration and explain[] its determination on the record").

At issue here is whether defendant had constructive notice of the ice on the ramp that caused plaintiff to fall. As stated earlier, a plaintiff can establish constructive notice if he or she can show that the defendant "should have known of [the condition on the land] because of its character or the duration of its presence." *Lowrey*, 500 Mich at 11. See also *Banks v Exxon Mobil Corp*, 477 Mich 983, 983-984; 725 NW2d 455 (2007). This is a common-sense principle. It supposes that a defendant should have known about a condition because it had existed for such a time or was of such a character that the defendant should have discovered it in the ordinary course, like grapes that had been on the floor of a checkout lane for an hour, see *Clark v Kmart Corp*, 465 Mich 416, 421; 634 NW2d 347 (2001), a hole in a rug just inside a doorway that numerous people traversed through, see *Yarington v Huck*, 218 Mich 100, 103-104; 187 NW 298 (1922), or a hole in pavement that had existed for months, see *Cruz v City of Saginaw*, 370 Mich 476, 481; 122 NW2d 670 (1963); *Siegel v Detroit City Ice & Fuel Co*, 324 Mich 205, 211-212; 36 NW2d 719 (1949). "Generally, the question of whether a defect has existed a sufficient length of time and under circumstances that the defendant is deemed to have notice is a question of fact, and not a question of law." *Banks*, 477 Mich at 984.

As the record currently stands, defendant may have a good argument that he is entitled to summary disposition. Without any testimony about the weather conditions leading up to plaintiff's fall, plaintiff generally relies on the amount of time that the ice must have been present on the ramp to argue that defendant should have known about the ice. Problematically, it is entirely unknown when the ice on the ramp formed or could have formed. The only evidence on this point (as the record now stands) is plaintiff's testimony that there was no ice on the ramp when she arrived at Hay's residence at 7:00 p.m. on November 20, and there was ice on the ramp when she left Hay's residence between 6:30 a.m. and 6:40 a.m. on November 21. Pinning down any estimate as to when the ice could have formed based on only this evidence requires speculation—"an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." *Estate of Trueblood*, 327 Mich App at 288 (quotation marks and citation omitted). For instance, concluding that the ice formed at 8:00 p.m. on November 20 is consistent with the facts but is not deducible from them as a reasonable inference; the facts equally support the inference that the ice formed at 6:00 a.m. on November 21, or any other time before plaintiff tried to walk down the ramp on the morning she fell. More generally, without any evidence that the weather at Hay's residence during plaintiff's stay was conducive to the formation of ice (i.e., whether the temperature was around or below freezing, whether it was precipitating, etc.), it is difficult to see how a reasonable juror could conclude that a person who was hundreds of miles away from Hay's property (like defendant was) "should have known" about the danger of ice forming on the property overnight.

It is unnecessary, however, to decide whether the trial court properly granted summary disposition in favor of defendant on this record. The trial court improperly excluded Gross's testimony about the weather for the reasons explained, and Gross's testimony about the weather would have directly spoken to whether defendant should have known about the danger of ice forming on his property. In particular, Gross's testimony could have revealed if the weather conditions leading up to plaintiff's fall would have alerted a reasonable person to the possibility of ice forming on the property. This in turn could have created a question of fact whether defendant

had constructive notice of the ice that caused plaintiff to fall.[4] Alternatively, Gross's testimony may reveal that the weather conditions leading up to plaintiff's fall would not have alerted a reasonable person to the possibility of ice forming on the property, which would support defendant's contention that he is entitled to summary disposition. Either way, Gross's testimony is plainly relevant to the issue of notice, and the trial court's decision to rule on the issue of notice without the benefit of Gross's testimony was premature. We accordingly vacate the trial court's order granting defendant's motion for summary disposition. If, after receiving Gross's testimony, defendant wishes to resubmit its motion for summary disposition, it remains free to do so.

We reverse the trial court order granting defendant's motion to strike plaintiff's expert witness, vacate the trial court order granting defendant's motion for summary disposition, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Stephen L. Borrello
/s/ Noah P. Hood

---

[4] The trial court reasoned in part that there was no question of fact whether defendant had constructive notice of the ice because the condition was "present for a very short duration." In light of the fact there was actually no record evidence establishing how long the ice was may have existed (as explained above), we offer no opinion on whether the ice existed for a sufficient duration to establish a question of fact whether defendant had constructive notice of the ice. That said, we reiterate that this issue is generally one for a factfinder. See *Banks*, 477 Mich at 984.